WALTER SCOTT and WILLIAM NESBITT, Respondents, v. JAMES DELAHUNT and EDWARD DELAHUNT et al., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

The lien of a shipwright upon a boat of which he has possession, for repairs made thereto for the owner, which were required to put it in a navigable condition, is prior to, and may be enforced as against, that of a mortgagee thereof, whose mortgage has been made and duly filed pursuant to statute and become due prior to the making of such repairs, although he has never taken possession thereunder, such lien being given by law, and not by agreement with the mortgagor.

The decision in *Bissell* v. *Pearce* (28 N. Y., 252) only applies to cases in which the lien is given by agreement between the owner and lienor, and not where the lien is given by law.

The fact that the mortgagee had knowledge that the repairs were being made, and did not notify the party making them of his claim under the mortgage, or object to their being made, would estop him from asserting his title under the mortgage in opposition to the lien. (Per JOHNSON, J.; MULLIN, P. J., and TALCOTT, J., *contra*.)

APPEAL from a judgment for the plaintiff, recovered at Special Term in Oswego county, upon trial by court without a jury. The facts sufficiently appear in the opinion.

*Sanders & Beach*, for the appellants.

*C. T. Richardson*, for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was brought to foreclose a lien for repairs made by the plaintiffs as shipwrights upon a canal boat, which boat they retained in their possession by way of security for such repairs. Some time before the repairs were ordered, the boat had been mortgaged by the owner to the appellants. The mortgagor then sold his interest in the boat to the defendant Minney, who purchased subject to the mortgage. The mortgagees never took possession of the boat, but the same remained in the possession of the mortgagor until his sale to Minney, when the

Scott *v.* Delahunt.

latter took possession and used the same upon the canals of this State, and was the ostensible owner. While Minney was so using the boat she was injured and sunk, and required repairs to put her in a navigable condition, and he took the same to the plaintiffs' shipyard and dry dock and ordered the repairs, which were made by the plaintiffs. The mortgage debt had been due for a long time before the repairs were ordered, and the mortgagees only claimed an interest to the extent of the mortgage debt remaining unpaid. The mortgage had been regularly filed in the auditor's office, in Albany, and refiled pursuant to the act of 1864, and the amount remaining due and unpaid on the debt at the last re-filing was $600.

The mortgagees knew of the purchase and use of the boat by Minney, and while the repairs were being made they had knowledge of the same, but made no objection and gave no notice of their right or claim to the plaintiffs. The question is, whether upon this state of facts the plaintiffs can enforce their lien as against the appellants' mortgage, that being the oldest claim. The action is brought against Minney and the appellants as mortgagees. The rule in this country seems to be settled that where the repairs have been made upon a vessel upon a contract for the same with the mortgagor and credit given to him, the mortgagee is not liable for such repairs. The shipwright must look to the person to whom the credit was given and with whom the contract was made. (3 Kent Com., 133 to 137, and cases there cited; *McIntyre* v. *Scott*, 8 Johns., 159; *Ring* v. *Franklin*, 2 Hall, 1; *Thorn* v. *Hicks*, 7 Cow., 697.) These are cases, however, where the mortgagee is sought to be charged in assumpsit, without reference to the question of a lien, by a party making repairs and having the property still in his possession. Of course, the action could not be maintained upon the assumpsit unless there had been some promise, express or implied, by the mortgagee, and no promise could be implied if the contract was wholly with the mortgagor and the credit given to him alone. It may be different, however, even in such a case where the shipwright who has made the repairs retains the

vessel in his possession until his charges for repairs are paid, as was the case here, and the action is to enforce or foreclose the lien by the mechanic, or is against him by the mortgagee to recover the possession of the property or the value thereof. The law, as a general rule, gives to the shipwright, in such a case, a specific lien on the vessel to the extent of the repairs put upon it ; and this lien remains valid as long as he retains possession.    (3 Kent Com., 169; *The General Smith*, 4 Wheat., 438.)   And in the case of *Williams* v. *Allsup* (10 Com. Bench, N. S., 417; 100 E. C. L., 416), it was expressly held that this lien was valid as against a mortgagee who never had possession.

In that case the action was brought by the mortgagees against the shipwright, who had refused to give up the vessel until his charges were paid.   The case, in its facts, is in all respects like the case at bar, and it was agreed by all the judges that in such a case the mortgagor, who was permitted to have the uncontrolled possession and use of the vessel, should be held to have the power to confer a right of lien on her for repairs necessary to keep her seaworthy, and to preserve her as a security for the mortgagee's debt.   The defendant's counsel cites the case of *Bissel* v. *Pierce* (28 N. Y., 252), as an authority in our own courts the other way. In that case the mortgage was upon four horses, and the mortgagor had hired them to be kept through the winter at a certain price per week by the defendant.   The mortgagor had taken three of the horses and left the other in pledge until the keeping of all the horses was paid for.   The defendant refused to deliver this horse to the mortgagee until his charges were paid.

MARVIN, J., in delivering the opinion in the Court of Appeals, notices the circumstance that the defendant's claim was one for which the law gave him no lien upon the property, in the absence of a special contract, and the decision is placed upon the ground that a mortgagor has no right to pledge the property or create a lien upon it to the prejudice of the mortgagee's rights.   The right which the defendant

Scott v. Delahunt.

there undertook to assert was created wholly by contract between him and the mortgagor. It was not a right which the law gives without any contract to create it, and in that respect differs widely from the rights which the plaintiffs had in this case. The decision in that case is no authority against the right of the plaintiffs to enforce their lien which the law gives, and which does not rest in contract with the mortgagor. I am clearly of the opinion that in a case like this, where the repairs are necessary for the preservation of the property, and the law gives the lien, the mechanic may lawfully retain possession and enforce his lien by action if the charges for repairs are not paid, even against a mortgagee claiming under a prior mortgage. If, however, it should be held otherwise, I am of the opinion that the mortgagees in this case, upon the facts, are estopped from denying the validity of the lien. They knew that the repairs were being made at the request of Minney, who was the apparent owner, and gave no notice of their rights or claims. They stood by and saw valuable repairs and improvements made upon their property for another, who was apparently the owner, knowing that as against him the law would give the plaintiffs a lien for their labor and materials upon the property, without objection or notice that they did not intend to have the property subjected to the lien for repairs. It is just the case where the rule of estoppel ought to be applied. Their silence under the circumstances would operate as a fraud upon the plaintiffs, if they should now be permitted to assert their title by virtue of the mortgage to destroy the lien.

In this view of the case, it becomes unnecessary to consider the effect of filing the mortgage in the register's office by the appellants under the act of 1864. (Laws of 1864, chap. 412.)

The judgment should be affirmed with costs.

MULLIN, P. J., and TALCOTT, J., concur in the result, but doubt whether the principle of estoppel applies as against the plaintiffs, under all the facts and circumstances of the case.

Judgment affirmed.