## GARR, SCOTT & CO. *vs.* W. B. CLEMENTS.

Opinion filed February 5th, 1895.

**Mechanic's Lien—Priority to Mortgage.**

> Chapter 88 of the Laws of 1890 gives a person who performs labor upon or furnishes the materials for a threshing engine at the request of the owner thereof a lien thereon prior to the lien of a mortgage thereon, duly filed, although such mortgage lien existed at the time such work was done or such materials were furnished, provided such person perfects such lien as required by the statute. Such lien is valid.

Appeal from District Court, Pembina County, *Lauder*, J.

Action in claim and delivery by Garr, Scott & Co. against W. B. Clements. Defendant had judgment, and plaintiffs appeal.

Affirmed.

*Young & Monnet*, for appellant.

The mechanic's lien law of 1890 under which the defendant claims ownership is unconstitutional. *Getchell* v. *Allen*, 34 Ia. 559; *Equitable Life Insurance Co.* v. *Slye*, 45 Ia. 615; *Meyer* v. *Berlandi*, 40 N. W. Rep. 513; *Dennison* v. *Shuler*, 11 N. W. Rep. 402; *Laird* v. *Noonan*, 20 N. W. Rep. 354.

*Wm. J. Kneeshaw* and *M. Brynjolfson*, for respondent.

The mechanic's lien law of 1890 was in force when the mortgage in question was executed by defendant, and the mortgage was taken with reference to the statutory law in force in the jurisdiction at the time it was made. Cobby on Chat. Mtgs., 463, 466; *Smith* v. *Stevens*, 31 N. W. Rep. 55; *Conning* v. *Ashley*, 4 N. Y. Supp. 255. The laws which subsist at the time and place of making a contract and where it is to be performed, enter into and form a part of it as if they were expressly referred to and incorporated in its terms. 3 Am. and Eng. Enc. Law, 751; *Von Hoffman* v. *Quincy*, 4 Wall. 535. A seed lien can be given priority over a chattel mortgage executed subsequent to the passage of the act. *Joslyn* v. *Smith*, 49 N. W. Rep. 382, 2 N. D. 53.

CORLISS, J. The object of this action was to recover the possession of a threshing engine. The defendant was successful in the trial court. He there obtained judgment for the return to him of the property in question, the plaintiffs having taken it under claim and delivery proceedings in the action. The plaintiffs claimed the right to the possession of the engine under a mortgage thereon executed and delivered to them by Daniels & Sullivan, to whom the plaintiffs had sold the property; the mortgage having been given to secure the purchase price thereof. This mortgage was filed in the proper office. Subsequently the defendant, who was a mechanic, boiler maker, and engineer, at the request of Daniels & Sullivan, reflued the boiler of the engine. His reasonable charges therefor were not paid. Claiming a lien under the statute (Laws 1890, Ch. 88,) he took the necessary steps to perfect such lien, and then foreclosed the same, and on the sale bought in the property. It is on this title that he rests

his defense. The plaintiffs have, under the terms of their chattel mortgage, an undoubted right to the possession of the engine, unless the sale on foreclosure of defendant's lien destroyed the lien of such chattel mortgage. Whether such sale had this effect depends on the priority of defendant's lien for the repairing of the engine. The statute under which defendant claims such priority provides as follows, so far as the question of priority is concerned: "Said lien shall have priority over all other liens or incumbrances upon said threshing engine or separator created subsequent to the passage and approval of this act, if filed within ten days from the day upon which said labor was performed or materials were furnished." See Laws 1890, Ch. 88, § 2. It is undisputed that defendant filed his lien within the statutory time. It cannot admit of doubt that the statute in terms made such a lien superior to a chattel mortgage on the property at the time the property is repaired, provided the mortgage was executed after the law took effect. The mortgage in this case was executed after this law was enacted. Hence it is obvious that, if the statute is to stand as it reads, defendant's lien was prior to that of the mortgage, and his title to the property derived from the foreclosure of that lien would therefore be unincumbered by such mortgage. But the plaintiff's assail as unconstitutional that portion of the law which gives such a lien priority over a mortgage on the property, executed, delivered, and filed before the lien was created. It is urged that there is only one ground on which a lien can lawfully be given such priority, and that that is the implied assent of the mortgagee to the creation of the lien. It is contended that, unless the owner can be regarded as the agent of the mortgagee for that purpose, his rights cannot be impaired by anything the owner may do. We will assume this position to be sound, but we are unable to deduce from it the conclusion that the statute is unconstitutional. This statute, in legal effect, informs every mortgagee in every mortgage thereafter executed that by leaving the mortgaged property in the possession of the

owner he thereby makes the owner his agent for the purpose of having necessary repairs made, the cost of which will be a first lien upon the property. Such agency has been implied from the circumstances of the case, and priority of lien given to the one who has made the repairs, without any statute giving his lien priority, or giving him a lien at all, where the circumstances are very similar to those which characterize this case. *Williams* v. *Allsup*, 10 C. B. (N. S.) 417; *Hammond* v. *Danielson*, 126 Mass. 294; *Watts* v. *Sweeney*, 127 Ind. 116, 26 N. E. 680; *Scott* v. *Delahunt*, 5 Lans. 372, on appeal; 65 N. Y. 128; Herm. Chat. Mortg. p. 308; Jones, Chat. Mortg. §§ 474, 535; Browne, Civ. & Adm. Law, p. 204; Jones, Liens, § 744. See, also, *Meyer* v. *Berlandi*, (Minn.) 40 N. W. 513, 516; *White* v. *Smith*, 44 N. J. Law, 105. So far from being a radical departure from the course of the common law, this statute appears to us to be in perfect harmony with common law principles. It in terms declares a priority which the common law gave under facts similar to the facts of this case. Should such priority be given by statute to a livery stable keeper or an agister, an innovation would be made, for at common law neither had any lien whatever in the absence of an express contract for a lien. But it by no means follows that such a statute would be void because it created a lien, and gave it priority in cases where the common law recognized no lien whatever. However this may be, there is a marked difference between the mere feeding of stock, which in no way augments their value, and the repairing of a defective article of personal property, which directly adds to its value. It was because of this difference that the common law gave a lien in the latter case and withheld it in the former. The refluing of a leaky boiler is as much a benefit to the mortgagee thereof as to the owner. It increases the value of the property, and enables the owner to earn by use of the same the money with which to discharge the mortgage lien. By leaving the property in the possession of the owners, the mortgagee in this case must be deemed to have assented to the making of the necessary repairs, and to have, therefore, bound

their mortgage interest by the lien which both the common law and the statute gave to the mechanics who did the work and furnished the materials, especially in view of the fact that when they took their mortgage the statute distinctly informed them that such consequence might flow from a retention of possession by the mortgagors. The language of ERLE, J., in *Williams* v. *Allsup*, 10 C. B. (N. S.) 417, is very pertinent to this case. He says: "I put my decision on the ground that, the mortgagee having allowed the mortgagor to continue in the apparent ownership of the vessel, making it a source of profit and a means of earning wherewith to pay off the mortgage debt, the relation so created by implication entitled the mortgagor to do all that may be necessary to keep it in an efficient state for that purpose. The vessel has to be kept in a state to be available as a security for the mortgagee." There are decisions sustaining the validity of statutes similar to the one on which defendant relies to support his claim to priority. *Case* v. *Allen*, 21 Kan. 217; *Corning* v. *Ashley*, (Sup.) 4 N. Y. Supp. 255; *Smith* v. *Stevens*, 36 Minn. 303, 31 N. W. 55. See, also, *Allred* v. *Haile*, 84 Ga. 574, 10 S. E. 1095; *Jackson* v. *Kasseall*, 30 Hun. 231. The opinion in *Meyer* v. *Berlandi*, (Minn.) 40 N. W. 513, does not overrule the prior decision of the same court in *Smith* v. *Stevens*, but distinguishes the case before the court from the Smith Case. We think that the decision is a sound one. We are unable to discover a single adjudication holding void such a statute as the one in question. An unbroken line of authority, a settled rule of the common law, sound principle and a due regard for business convenience, all join to sustain this statute. It would be intolerable to require a mechanic in some remote part of the country, far from the county seat, to refrain from making necessary repairs to a threshing engine, in the very height of the threshing season, until he could search the records to ascertain whether the property was incumbered, if he did not wish to run the risk of having the fruits of his toil and the very material he should add to the property absorbed by a mortgagee who would be benefited by what the mechanic had done.

The statute in question is seriously defective. Under it the mortgagee may be divested of all interest in the property without notice that the repairs had been made, or that a lien is claimed therefor, or that the same is about to be foreclosed. In the case at bar the mortgagees do not appear to have known that a lien had been filed or foreclosed until it was too late to protect their interests. The statute should he so amended as to protect the rights of mortgagees. Many cases can be found which hold that the lien of a prior chattel mortgage is paramount. But these decisions all rest upon the construction of statutes. See *Wright* v. *Sherman,* (S. D.) 52 N. W. 1093, where such cases are collated. By pausing to interpret the statutes, instead of pushing on to the ground that it was not within legislative competence to confer priority on the lien of the mechanic or agister or livery stable keeper, the courts in these cases seem to incline to our view that such legislation is valid.

It is urged that the lien is defective in two particulars. The statute provides that to entitle a person to a lien under it he must make and file "an account in writing stating * * * the amount of labor or materials so made or furnished." The account which the defendant made and filed in this case was in the following language: "Cavalier, N. D., Sept. 26th, 1892. Messrs. Daniels & Sullivan to W. B. Clements, Dr. Cavalier Engine Works. 1892, Sept. 26th. To reflueing boiler, 24 tubes furnished new, $65.00." We hold that this is a compliance with the portion of the statute we have quoted. See, as sustaining our decision on this point. Phil. Mech. Liens, § 353; 15 Am. & Eng. Enc. Law, pp. 139, 140, and cases in note 1 on page 140. The statute further declares the account shall contain "the name of the person or persons for whom the said labor was performed or materials furnished." The account actually filed, as the copy we have set forth discloses, contained the names of Daniels & Sullivan as if they were copartners. Their Christian names were not mentioned. There was evidence showing that in the ownership and operation of this engine they were partners. In such case it is sufficient to use the

partnership name. Phil. Mech. Liens, § § 346, 348. No other objection to the lien is made.

The judgment of the District Court is affirmed. All concur.