## McCLAIN v. WILLIAMS.

1 Laws 1893, Chap. 102, § 3686, provides that an innkeeper shall be liable for all losses of or injuries to personal property placed by his guests under his care, and on such property the former shall have a lien for his charges; that baggage and other effects "belonging to any person" who shall abscond without paying his hotel bill may be disposed of by the innkeeper at the end of thirty days. *Held*, that the statute changes the common-law rule, so that an innkeeper has no lien on property leased of a third person, and brought to and left at the hotel by a guest.

2. A statute creating an innkeeper's lien on the goods of a third person, for the board of a guest to whom the goods have been lent, is unconstitutional, as depriving a person of his property without due process of law.

(Opinion filed Oct. 18, 1898.)

Appeal from circuit court, Hutchinson county.   Hon. E. G. SMITH, Judge.

Action by John McClain against A. J. Williams in claim and delivery.  From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*W. J. Hooper*, for appellant.

*Wellington Brown*, for respondent.

CORSON, P. J.   This was an action in claim and delivery. Verdict and judgment for plaintiff, and the defendant appealed. The defendant did not controvert the plaintiff's ownership of the property, but he claimed the right to the possession by virtue of an hotel keeper's lien thereon for a balance due him for board of one Kirk, who brought the property to defendant's hotel.   The case was tried to a jury, and a verdict rendered in favor of the plaintiff on all the issues.

Several errors are assigned, but in the view we take of the case, the only question requiring consideration is, did the defendant have an hotel keeper's lien upon the property of the plaintiff taken by Kirk to his room in the hotel?   This question was properly raised by defendant's motion for the direction of a verdict in his favor, which was denied, and exception taken. The record does not disclose the grounds upon which the motion was made or denied, and hence, if the court's ruling was correct upon any ground, it must be sustained.   From the evidence it appears that Kirk boarded at defendant's hotel for some weeks, and while so boarding there he leased the gun in controversy from the plaintiff, and took it to his room in the hotel, in which defendant found it after Kirk had left, and

took it into his possession, and claims the right to hold it for Kirk's unpaid board bill. The defendant contends that at common law the innkeeper had a lien, not only upon the property owned by the guest, but upon all property brought with him, and in good faith received by the innkeeper as the property of the guest, and that the Code of this state recognizes and adopts this rule. This seems to have been the rule at common law (Jones, Liens, § 498), but we are of the opinion that under the provisions of the Code of this state the common law has been changed, so far as it affects the property of a third person. The Code of this state provides that "in this state there is no common law in any case where the law is declared by the Codes." Comp. Laws, § 2505. And by Section 4802 it is provided: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. The Code establishes the law of this territory respecting the subjects to which it relates, and its provisions, and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice." Section 3686, as amended by Chapter 102, Laws 1893, provides "An inn-keeper or keeper of a boarding house is liable for all losses of or injuries to personal property placed by his guests or boarders under his care * * *. and upon such property the inn-keeper or keeper of a boarding house shall have a lien and right of detention for the payment of such amount as may be due him * * * Subd. 3, Baggage and other property and effects belonging to any person who, after obtaining board lodging or other accommodations at any hotel or inn, shall abscond or absent himself or herself, from such hotel or inn without having paid for such board, lodging or other accommoda-

tions may at the expiration of thirty (30) days be disposed of by the keeper of such hotel or inn at private or public sale, and the net amount realized from such sale shall be credited to the unpaid account of the absconder." The qualification, "belonging" to the guest in the third subdivision is important and shows clearly that the legislature intended to limit the lien to the property of the guest. It is true that the first clause of the section does not contain this qualification or limitation, but the whole section must be construed together. It will not be presumed that the lawmaking power intended that the lien should attach to property the hotel keeper was not authorized to sell in satisfaction of the lien. Reading the two provisions of the section together, it seems clear that the defendant's lien could only attach to property belonging to Kirk, and did not attach to property belonging to the plaintiff, though brought to the hotel by Kirk. We think "belonging to" must be deemed to be inserted in the last clause of the first part of the section, as to the hotel keeper's lien, leaving the hotel keeper's liability as provided in the first clause of the section. This seems to us to be a fair construction of the section as amended, but independently of this amendment we should feel inclined to take the same view of the section. As will be noticed, the provisions of our Code "are to be liberally construed with a view to effect its objects and promote justice." A construction that would enable an hotel keeper to acquire a lien, for his guest's hotel bill, upon the property intrusted to such guest by its owner, would not be promotive of justice, and would in our opinion, render the section unconstitutional, under the provisions of our state constitution. No person can legally be deprived of his property, against his consent, express or implied, except

by due process of law. Loaning or leasing personal property to a guest at an hotel, without some agreement, express or implied, that it may be pledged for the board of such guest, or the doing of some act by the owner in reference thereto by which such owner is esstopped from asserting his rights as against the hotel proprietor, will not confer upon such hotel keeper the right to a lien upon it for his guest's board. The old commom-law rule was established centuries ago, when the rights of persons and property were not as clearly understood and defined as they are under our modern system of state constitutions, in which these rights are clearly defined and protected. The customs of the realm which authorized such a lien cannot properly be invoked to sanction a claim that is in contravention of the letter and spirit of our modern system.

While courts of states in which the common-law still prevails have held to the old rule, we notice that the court of appeals of Missouri, in a case quite similar to the one at bar, speaking by Mr. JUSTICE THOMPSON, vigorously questions its applicability to our present system. He says: "Nor are we prepared to agree with those courts which have found a plain principle of justice in a rule of law by which one man's property is confiscated to pay another man's debts. It is, to say the least, doubtful whether the extraordinary liability which the common law imposed upon the innkeeper in respect of goods brought to his inn by his guest furnishes a good reason for such a rule. It is also doubtful whether such a rule is not in conflict with the spirit of those guaranties of the right of private property which are embodied in American constitutions. It would be beyond the power of the legislature to pass a law under which the property of one man should be ar-

bitrarily taken from him and given to another man. Associa-
tion v. Topeka, 20 Wall. 655. If the legislature could not pass
such a law, we are not prepared to sanction a course of reason-
ing by which the conclusion is arrived at that the legislature
intended to preserve such a rule of common-law, by enacting
a statute, the terms of which, read in accordance with their
sense, import the contrary. Again, the liability of a common
carrier at common law is precisely that of an inn-keeper. He
is liable for the loss or damage of the goods committed to him
for carriage happening from every other cause except the act
of God or the public enemy. Both the liability of the carrier
and that of the innkeeper were grounded at common law upon
what was called the 'custom of the realm.' They were
co-extensive with each other, had their origin in the same
source; and rested upon the same considerations of public pol-
icy. And yet modern American courts have not hesitated to
declare that a common carrier has no lien for the carriage of
goods, which he has innocently received from a wrong doer,
without the consent of the owner, express or implied. Fitch
v. Newberry, 1 Doug. (Mich.) 1; Robinson v. Baker, 5
Cush. 137; Stevens v. Railroad Co., 8 Gray 262; Clark v. Railr'd
Co., 9 Gray 231. Upon the whole, we are satisfied that the
lien of an hotel or inn-keeper does not exist in this state in such
a case as the present." Wyckoff v. Hotel Co., 24 Mo. App. 382.

Giving to the hotel keeper a lien upon the baggage and ef-
fects belonging to his guest is, in our opinion. as far as the leg-
islature would have a right to go, and as far as it was its in-
tention to go in the passage of the law in question. The court
was therefore clearly right in denying the motion of the de-
fendant, and the verdict of the jury was right in finding for
the plaintiff. The judgment of the circuit court is affirmed.