REEVES & COMPANY, a Corporation, v. S. R. RUSSELL, A. L. Arbogast, Northern Pacific Railway Company, a Corporation, and J. J. Boyle and J. T. Boyle, Individually and as Copartners, Doing Business under the Firm Name and Style of Boyle Brothers.

(L.R.A. —, 148 N. W. 654.)

Action for foreclosure of chattel mortgage of record. Boyle Brothers answer, asking affirmative relief for foreclosure of their artisan's lien for materials, repairs, and labor, performed upon the mortgaged personal property under a contract with the owner of the mortgaged personalty. The mortgage was taken in 1906, has been renewed, and is a valid mortgage upon the property.

Note.—The question of the priority of a mechanic's lien over earlier mortgages is treated in notes in 14 L.R.A. 305, and 2 L.R.A. (N.S.) 615.

Boyle Brothers performed the work in 1911, immediately filing a claim for artisan's lien under chap. 168, Laws of 1907; and also retained possession of the property under a claim of lien by virtue of such possession under § 6295, Rev. Codes 1905, in case chap. 168, Laws of 1907, be unconstitutional, and claim their lien under § 6295 to have priority over a lien by mortgage of record. *Held:*—

### Artisan's lien — common-law lien — dependent upon possession — has priority over existing chattel mortgages.

1. That an artisan's lien is a common-law lien, and where possession was retained, as here, the statute being but declaratory thereof and such a lien at common law having priority over mortgage liens, an artisan's lien under § 6295, Rev. Codes 1905, where possession is retained, has priority over existing mortgage liens, and this independent of the provisions of chap. 168, Laws of 1907, in express terms granting such priority.

### Statute — constitutionality — immaterial in such case.

2. It therefore becomes unnecessary to determine whether the 1907 statute is, or is not, unconstitutional, because, though the same may be assumed to be unconstitutional, Boyle Brothers must recover under the prior existing law, § 6295, Rev. Codes 1905, while, if the 1907 statute be constitutional, it in express terms authorizes defendants' recovery.

### Points unnecessary to a recovery — supreme court will not decide.

3. This court will decline to pass upon the constitutionality of a statute, where the same is unnecessary to a decision of the right of recovery.

### Mortgage rights — no question of waiver — artisan's lien superior in any event.

4. No question of waiver of mortgage rights is involved, because all rights of plaintiff under its mortgage were subordinate to the rights of those claiming under the artisan's lien.

### Owner — purchasing from mortgagor without consent of mortgagee — title not affected — artisan's lien may still be created — agency.

5. The fact that the owner, employing Boyle Brothers to repair the engine, had purchased from the mortgagor who sold the mortgaged property without written consent, does not affect the title of such property in the purchaser, who, as owner, could authorize repairs thereto, and subject the same to an artisan's lien for repairs so authorized, such owner being, for such purposes, considered in law as the agent of the mortgagee.

On Petition for Rehearing.

### Common law — liens — statutory provision declaratory of common law.

6. Where at common law an artisan's common-law lien had priority over existing contract liens, and the statute granting an artisan's lien is but

declaratory of common-law principles, and is silent on such question of priority, the common law granting priority to the common-law lien must be construed to grant priority to the lien so declared by statute, and but declaratory of the common law.

Common law — basic law as to civil rights not defined by statute.

7. The common law is adopted by statute as the basic law applicable to civil rights and remedies not defined by statute.

Common law — legislative declarations thereof — civil rights and remedies fixed.

8. The common law must as to civil rights and remedies be considered in the construction and application of statutes declaratory thereof, and such statutes construed and applied as continuations of or legislative declarations of the common law so far as covered by such statutes.

Presumption — statutes — common law.

9. The statute will not be presumed to alter the common law "other than what has been specified and besides what has been plainly pronounced."

Statute declaratory of common law — silent as to priority — effect will not be enlarged by construction — continuation of common law.

10. The statute here declaratory of the common law as to the lien, but silent on its priority, will not be enlarged by negative construction to deny priority existing at common law to the lien so defined, but will be limited in application to the definition of the lien; and the common-law priority considered as continuing in force and applicable to the lien, the common law as to priority supplementing the lien as at common law. The statute will be construed as a continuation of the common law, and not as excluding the common law on that part of the subject not covered by the statute.

Repealing of statute — no provision against continuation of common law — common law is revived.

11. Where a statute either declaratory of or changing the common law is repealed without express provision against the revivor of the common law, the common law is ipso facto revived by such repeal, which repeal will be regarded, in the absence of a contrary legislative intent appearing, as an affirmance of the common law, reviving the same.

Opinion filed May 8, 1914. On petition for rehearing, September 9, 1914.

Appeal from a judgment of the District Court of Stutsman County, Coffey, J.

Affirmed.

Lawrence & Murphy, for appellants.

The statute as applied by the trial court is a retroactive law, impair-

ing the obligations of a contract. Walker, Am. Law, pp. 217–222;
Yeatman v. King, 2 N. D. 421, 33 Am. St. Rep. 797, 51 N. W. 728.

Acts creating liens cannot be construed retroactively, because they
would defeat vested rights. 8 Cyc. 900; National Bank v. Jones, 18
Okla. 560, 12 L.R.A.(N.S.) 310, 91 Pac. 191, 11 Ann. Cas. 1041;
Toledo, D. & B. R. Co. v. Hamilton, 134 U. S. 296, 33 L. ed. 905, 10
Sup. Ct. Rep. 546; Crowther v. Fidelity Ins. Trust & S. D. Co. 29
C. C. A. 1, 42 U. S. App. 701, 85 Fed. 43; Yeatman v. King, 2 N. D.
428, 33 Am. St. Rep. 797, 51 N. W. 721; Kilpatrick v. Kansas City
& B. R. Co. 41 Am. St. Rep. 758, note; Giles v. Stanton, 86 Tex.
620, 26 S. W. 615; 1 Jones, Liens, § 701.

"Nor shall any citizen or class of citizens be granted privileges or
immunities which, upon the same terms, shall not be granted to all
citizens." State Const. § 20; Yeatman v. King, 2 N. D. 421, 33 Am.
St. Rep. 797, 51 N. W. 728; Vermont Loan & T. Co. v. Whithed, 2
N. D. 82; Edmonds v. Herbrandson, 2 N. D. 270, 14 L.R.A. 725, 50
N. W. 970; Plummer v. Borsheim, 8 N. D. 565, 80 N. W. 690; State
v. Julow, 129 Mo. 163, 29 L.R.A. 257, 50 Am. St. Rep. 443, 31 S. W.
781; State v. Walsh, 136 Mo. 400, 35 L.R.A. 231, 37 S. W. 1112;
State v. Minor, 33 W. Va. 179, 6 L.R.A. 621, 25 Am. St. Rep. 863, 10
S. E. 285; People v. Marx, 99 N. Y. 380, 52 Am. Rep. 34, 2 N. E.
29; Cooley, Const. Lim. 6th ed. § 681; Sutherland, Stat. Constr. §§ 121,
137; Luman v. Hitchens Bros. Co. 90 Md. 14, 46 L.R.A. 393, 44 Atl.
1051; Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152; Jones, Liens,
§§ 105, 106; First Nat. Bank v. Scott, 7 N. D. 312, 75 N. W. 254;
Wright v. Sherman, 3 S. D. 290, 17 L.R.A. 792, 52 N. W. 1093;
Miller v. Anderson, 1 S. D. 539, 11 L.R.A. 317, 47 N. W. 959; Owen
v. Burlington, C. R. & N. R. Co. 11 S. D. 153, 74 Am. St. Rep. 786,
76 N. W. 302.

Appellant did not waive its mortgage. Intention to waive a lien will
not be presumed in the absence of evidence clearly tending to show it.
Muench v. Valley Nat. Bank, 11 Mo. App. 144; Stribling v. Splint
Coal Co. 31 W. Va. 82, 5 S. E. 321; Wright v. Sherman, 3 S. D. 290,
17 L.R.A. 792, 52 N. W. 1093; Kansas City Sav. Asso. v. Mastin, 61
Mo. 435; First Nat. Bank v. Maxwell, 123 Cal. 360, 69 Am. St. Rep.
64, 55 Pac. 980; Ross v. Swan, 7 Lea, 467; Gardner v. New London,
63 Conn. 267, 28 Atl. 42; Smiley v. Barker, 28 C. C. A. 9, 55 U. S.

App. 125, 83 Fed. 684; Armstrong v. Agricultural Ins. Co. 130 N. Y. 560, 29 N. E. 991; Linwood Park Co. v. Van Dusen, 63 Ohio St. 183, 58 N. E. 576; Hollings v. Bankers' Union, 63 S. C. 192, 41 S. E. 90; Crandall v. Moston, 24 App. Div. 547, 50 N. Y. Supp. 145; Ripley v. Ætna L. Ins. Co. 30 N. Y. 138, 86 Am. Dec. 362; Bucklen v. Johnson, 19 Ind. App. 406, 49 N. E. 612; Re Auerbach, 23 Utah, 529, 65 Pac. 488; Bennecke v. Connecticut Mut. L. Ins. Co. 105 U. S. 355, 26 L. ed. 990; Freedman v. Fire Asso. of Philadelphia, 168 Pa. 249, 32 Atl. 39; Johnson v. Schar, 9 S. D. 536, 70 N. W. 838; St. Louis Electric Light & P. Co. v. Edison General Electric Co. 64 Fed. 997; Stiepel v. German American Mut. Life Asso. 55 Mo. 224; Maloney v. Northwestern Masonic Aid Asso. 8 App. Div. 575, 40 N. Y. Supp. 918; Fairbanks, M. & Co. v. Baskett, 98 Mo. App. 53, 71 S. W. 1113.

*R. G. McFarland,* for respondent (*Burt M. King,* of counsel).

Appellant's brief should be stricken out, and not considered by the court, and the judgment should be affirmed because it contains no demand for a review of the entire case, or of any specified part. Supreme Court Rule XXVIII.; Wells, Jurisdiction of Courts, § 141.

There is no evidence that plaintiff had any right or title to or lien upon the plows mentioned.

It is immaterial whether Arbogast was the actual owner of the property, if he was in the legal possession of the same. Lambert v. Davis, 116 Cal. 292, 48 Pac. 123; Chuch v. Garrison, 75 Cal. 199, 16 Pac. 885; Scott v. Delehunt, 5 Lans. 372.

Defendants Boyle Brothers, while retaining possession of the property upon which they had labored and placed repairs, had a lien upon the same at common law, for their reasonable charges. McIntire v. Carver, 37 Am. Dec. 519, and note, 2 Watts & S. 392; Garr v. Clements, 4 N. D. 563, 62 N. W. 640; Hammond v. Danielson, 126 Mass. 294; Williams v. Allsup, 10 C. B. N. S. 417, 30 L. J. C. P. N. S. 353, 8 Jur. N. S. 57, 4 L. T. N. S. 550; Watts v. Sweeney, 127 Ind. 116, 22 Am. St. Rep. 615, 26 N. E. 680; Scott v. Delahunt, 65 N. Y. 128; Tucker v. Werner, 2 Misc. 193, 21 N. Y. Supp. 264; Meyer v. Berlandi, 40 Minn. 438, 1 L.R.A. 777, 12 Am. St. Rep. 663, 40 N. W. 513; White v. Smith, 44 N. J. L. 105, 43 Am. Rep. 347; Drummond Carriage Co. v. Mills, 54 Neb. 417, 40 L.R.A. 761, 69 Am. St. Rep. 719, 74 N. W. 966; Kirtley v. Morris, 43 Mo. App. 144; Loss. v. Fry, 1

N. Y. City Ct. Rep. 7; Herman, Chatt. Mortg. §§ 474, 535; Browne, Civil & Admiralty Law, p. 204; Jones, Liens, § 744.

The mortgagee expressly made the mortgagor its agent for the purpose of keeping said property in repair. Drummond Carriage Co. v. Mills, 54 Neb. 417, 40 L.R.A. 764, 69 Am. St. Rep. 719, 74 N. W. 966; Hammond v. Danielson, 126 Mass. 294; Kirtley v. Morris, 43 Mo. App. 144.

The mere granting of some additional remedy does not invalidate the law. 8 Cyc. 900, note 90; 36 Cyc. 1173, 1174; Bolton v. Johns, 5 Pa. 145, 47 Am. Dec. 404; Parkison v. Bracken, 1 Pinney (Wis.) 174, 39 Am. Dec. 296; Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; Edmonds v. Herbrandson, 2 N. D. 270, 14 L.R.A. 725, 50 N. W. 970; Sasser v. Martin, 101 Ga. 447, 29 S. E. 281; Craig v. Herzman, 9 N. D. 140, on appeal 181 U. S. 548, 45 L. ed. 994, 21 Sup. Ct. Rep. 703; Notes Dak. Rep. 162, 174; See Generally: Cowden v. Wright, 24 Wend. 429, 35 Am. Dec. 633; 38 Cyc. 1144, 1145, and notes; Quist v. Sandman, 154 Cal. 748, 99 Pac. 207; Michaelson v. Fish, 1 Cal. App. 116, 81 Pac. 662.

One who does not belong to the class that might be injured by a statute cannot raise the question of its validity. Red River Valley Nat. Bank v. Craig, 181 U. S. 558, 45 L. ed. 1000, 21 Sup. Ct. Rep. 703, and cases cited.

Goss, J. Plaintiff corporation brings this action to foreclose its chattel mortgage upon a threshing engine, and to determine priority of liens thereon, and particularly as against a blacksmith's lien filed against the engine by Boyle Brothers, defendants. Plaintiff sold the engine to one Russell in 1906, taking a mortgage back, which was duly filed and has been renewed, and admittedly is, and always has been, a valid lien upon the property. On April 11, 1911, Russell wrote plaintiff for its written consent to a sale of the mortgaged engine, receiving a reply dated April 15, 1911, in effect withholding consent until it could investigate and until certain conditions were complied with. Russell, however, took no further steps to obtain such written consent, and sold it to Arbogast, for valuable consideration, who bought with notice of the encumbrance. Arbogast thereafter consulted Boyle Brothers, machinists, at Jamestown, as to repairing the engine, and one of them went to Russell's

place, where the machine still remained, and inspected the same as to the probable cost of overhauling, rebuilding, and putting it in suitable condition, and made an estimate that to do so would cost in the neighborhood of $800. Defendants Boyle Brothers, were then engaged by Arbogast, with the knowledge and acquiescence of Russell, to move the engine to the machine shop of Boyle Brothers for repairs, and rebuilding the engine, which was thereafter completed at an expense for labor, material, and repairs and incidental expenses, totaling $882.11, and incurred between April 27 and May 26, 1911, and for which amount a blacksmith's lien was soon filed by Boyle Brothers against Arbogast, Russell, and the Reeves Company, by the filing of an affidavit of lien, accompanied with an itemized and verified statement of all labor and items of material and charge entering into the account. Written notice of this was at once given. Plaintiff thereupon demanded possession from Boyle Brothers, who had at all times since the completion of the work retained possession of the engine, and upon their refusal thereof the property was taken under warrant of foreclosure. Boyle Brothers in defense pleaded their artisan's lien and possession for the purpose of foreclosure thereof, and asked that their lien, claimed both under § 6295, Rev. Codes 1905, and chap. 168, Laws of 1907, be adjudged to be a prior lien to the mortgage of the plaintiffs. With this question of priority of liens, plaintiff seeks to raise the following questions: (1) Whether an artisan's lien takes priority over a mortgage of record on the property liened; and (2) whether chap. 168 of the Session Laws of 1907, amending § 6295, Rev. Codes 1905, passed after this mortgage lien had accrued, and in express terms declaring that "said lien shall have priority over all other liens, chattel mortgages, or encumbrances against said personal property," and providing the method for the perfecting of the artisan's lien without retention of possession of property, is constitutional. Appellant asserts said chap. 168 to be unconstitutional on several grounds alleged. For reasons hereinafter stated we find it unnecessary to pass upon any constitutional question, so any statement of appellant's claims in this respect is needless.

Section 6295, Rev. Codes 1905, which does not declare priority of an artisan's lien over recorded mortgages or encumbrances, was the only statute on the subject in 1906, at the time plaintiff's lien became effective. Chapter 168, Laws of 1907, became effective a year after this

mortgage was given, and in express terms granted artisans' liens priority
over mortgages. Whether this priority is granted as to mortgages taken
and in force before its passage is one question arising, but for the pur-
poses of this suit we shall assume the statute to be retrospective in this
instance, and as in terms making the artisan's lien superior to the mort-
gage lien. Whether the statute is thus retrospective or not is imma-
terial under the law controlling this decision. In construing statutes
on liens, the first consideration is whether the lien is one given at com-
mon law, or is instead dependent for its existence solely upon the terms
of the statute. Where the statute is merely declaratory of the common
law it is construed together with, and in the light of, the common law;
the legislature being presumed to know the common law on the subject
and to enact the statute as merely declaratory thereof, and to be so inter-
preted in the light of its origin and common-law definition where the
statute does not depart from the governing common-law principles.
And this here applies, as artisans' liens are a creation of the common
law, and not a special lien originating under, and dependent upon, stat-
ute for its creation and existence. This is ably discussed and is the set-
tled law of this state under the opinion of this court by Justice.Corliss
in Garr v. Clements, where the artisan's lien law declared by chap. 88
of. the Laws of 1890, was sustained as constitutional on the ground
(equally applicable to the legislation before us) that the statute merely
declared the existing law on the same subject, or, in other words, that,
without the statute, the lien of the common law would exist under the
facts of that case the same as with it, and that portion of the Laws of
1890 corresponding to chap. 168 of the Laws of 1907, granting priority
to the artisan's lien, was not innovation, and did not create any new
rights not already enjoyed and in existence at common law at the time
the statute became operative. This statute of 1890 was repealed by the
enactment of the Code of 1895 (see ¶ 12, p. 1519) § 6295, taking its
place as § 4844 of the Code of 1895. But chap. 88 of the Laws of
1890 (almost identical with chap. 168 of the Laws of 1907) was passed
upon in Garr v. Clements, 4 N. D. 559, 62 N. W. 640. Our earliest
enactment on the subject was subdiv. 2 of § 1814 of the Revised Codes
of Dakota territory 1877, which, like § 6295, Rev. Codes 1905, did
not, even by inference, declare the artisan's lien to be a prior lien to the
mortgage. The same was, nevertheless, in Garr v. Clements, held

superior to the mortgage lien as entitled at common law to such priority, though the statute of 1890 was the one directly passed upon; and such holding and the reasoning upon which it is based are equally applicable to § 6295, Rev. Codes 1905, which section must be held to grant the artisan a superior lien to that of the mortgagee, even though the same is not declared by statute: And such was the law in 1906, when plaintiff took this mortgage. So, without any reference to chap. 168, Laws of 1907, plaintiff's mortgage must be held to be subordinate to the lien of defendants, as such was the law at the time the mortgage was taken, where the party entitled to the lien has retained possession, as have defendants, at all times after the completion of the work. And this is decisive of the rights of appellant, as chap. 168 of the Laws of 1907, if applicable, is but declaratory of the equivalent of § 6295, Rev. Codes 1905, as supplemented by the common law concerning priority, which by express terms it purports to amend. It consists, among other things, in declaring the procedure necessary for the perfection and foreclosure of the lien, the notice therein provided for perhaps being inspired by what is said in Garr v. Clements, 4 N. D. 559, on page 564, 62 N. W. 640, where a defect in the statute of 1890, in failing to provide notice to be given to mortgagees of record, is pointed out. It is not necessary, therefore, to pass upon the constitutionality of chap. 168 of the Session Laws of 1907, although defendants have also perfected their lien by filing their lien statement and account thereunder. It may be assumed that such statute is unconstitutional and void in its entirety, but yet Boyle Brothers are entitled to prevail under their lien, dependent on possession, which would then be valid under § 6295, Rev. Codes 1905, they having at all times, after completion of this work, retained possession of the personal property upon which the work was performed under a claim of lien therefor, demanding payment of their charges for labor, material, and repairs. If § 168 is constitutional, Boyle Brothers, having strictly complied therewith, are then certainly entitled to prevail, as possessing a prior lien, not only declared by common law, but expressly defined by chap. 168, Laws of 1907. Plaintiff is thus caught upon one horn or the other of the dilemma, one or the other of which he must choose. Hence he is in no position to exact a holding upon the constitutionality of the law of 1907, as any discussion thereof must be unnecessary to a decision. Under such circumstances, it is the duty of

28 N. D.—18.

the court to refrain from passing upon constitutional questions. This likewise disposes of whether appellant waived its rights under its mortgage. The holding that the artisan's lien in any event is prior to the mortgage lien is the equivalent of deciding that appellant had no rights to waive under its mortgage. Nor is there any merit in appellant's contention that Arbogast, in buying the mortgaged property without written consent having been given the mortgagor to sell the same, could acquire no right or interest sufficient to constitute him an implied agent of the mortgagee, as is the owner of mortgaged property, for the authorization of repairs thereto, whose act as such binds the mortgagee and subordinates the mortgage lien to that of the artisan. Russell acquiesced in the contract for repairing, though the same was wholly immaterial, as Arbogast, by purchase from Russell, became the owner of said property, and as such enjoyed all rights formerly possessed by Russell. True, the sale by Russell without written consent of the plaintiff constituted commission of a crime by the seller under § 9442, Rev. Codes 1905, but no liability, civil or criminal, unless arising by implied contract from provisions of the mortgage of record (Ellestad v. Northwestern Elevator Co. 6 N. D. 88–93, 69 N. W. 44) was assumed by the purchaser by a mere purchase of mortgaged property. Sanford v. Duluth & D. Elevator Co. 2 N. D. 6–10, 48 N. W. 434; Black v. Minneapolis & N. Elevator Co. 7 N. D. 129–134, 73 N. W. 90; Willard v. Monarch Elevator Co. 10 N. D. 400–407, 87 N. W. 996; Gorder v. Hilliboe, 17 N. D. 281–284, 115 N. W. 843; Taugher v. Northwestern P. R. Co. 21 N. D. 111, 112, 129 N. W. 747. And Arbogast therefore became owner thereof, and as such could repair the property and subject it to an artisan's lien for repairs so authorized. The judgment appealed from is affirmed.

## On Petition for Rehearing.

Goss, J. Appellants filed a petition for rehearing, challenging as judicial legislation consideration by the court of the common law priority of this common-law artisan's lien, and maintaining that because of § 6295, Rev. Codes 1905, in terms recognizing an artisan's lien but silent on its priority, the court must find that no priority of such lien can exist, and that any priority must be given by statute under § 6138, Rev.

Codes 1905, the general statute concerning priority of liens, providing that, "other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia." In other words appellant asserts that in the determination of this question we are limited to a construction of statutes, and cannot resort to the common-law rights of the parties to determine the question of priority where the statute is silent thereon; and counsel cite in support of that contention § 4006, Rev. Codes 1905, a provision of the Civil Code, reading: "In this state there is no common law in any case where the law is declared by the Codes," and also cite § 10,509, Rev. Codes 1905, next to the last provision of the Code of Criminal Procedure, providing that "the provisions of this Code, so far as they are the same as existing statutes, must be construed as continuations thereof, and not as new enactments." From these statutes, appellant reasons that there can be no common law on artisan's liens, the Code having spoken on the subject by the declaration therein providing for such a lien, and that, treating § 10,509 as a general provision applicable to all the Codes and all Code provisions, the statutes are to be considered as continuations of statutes, but not as continuations of the common law in all instances civil and criminal. To emphasize this claim, appellant has cited § 4 of the Civil Code of California reading: "The provisions of this Code, so far as they are substantially the same as existing statutes *or the common law,* must be construed as continuations thereof, and not as new enactments." Under this California Code provision, and its construction by the courts of that state—Quist v. Sandman, 154 Cal. 748, 99 Pac. 204, at pages 207, 208; Michaelson v. Fish, 1 Cal. App. 116, 81 Pac. 662; Lux v. Haggin, 69 Cal. 255, at page 384, 10 Pac. 674; and Sharon v. Sharon, 75 Cal. 1, at page 13, 16 Pac. 345—statutes are but continuations of the basic common law, a determination of rights under which necessitates consideration of both the common law and the statute, where the statute is either silent or ambiguous. But appellant parallels this provision of the Civil Code of California with § 10,509, Rev. Codes 1905, a portion of our Code of Criminal Procedure, nearly identical, but omitting the phrase of the California Civil Code provision of "or the common law," and therefore contends that in this state in no instance are the statutes to be considered as continuations of the common law. It is urged that the common law

is excluded by our Code provision 4006, reading: "In this state there is no common law in any case where the law is declared by the Codes." This decision then narrows to the question of whether the common-law priority still exists notwithstanding § 6295, declaring a lien in the possessor of the property with the right of possession until the charges for repairs are paid, but silent on the question of priority of such lien unless governed by § 6138, declaring priority of liens according to time of creation "other things being equal," and § 6724, Rev. Codes 1905, that "the rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this Code. This Code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects and to promote justice." In its last analysis the decision resolves to whether the provisions of our Civil Code are to be considered as continuations of the common law as well as continuations of statute; or whether, on the contrary, the fact that a common-law lien has been declared by statute makes all rights thereunder dependent solely on the statute, without regard to common-law incidents, rights, or history, in which case a priority that would here exist under the same circumstances at common law as an incident to the same lien given by common law as here declared, also by statute, would be negatived and defeated by the mere silence of the statute on priority. If the statute is to be considered as but a continuation of the common-law lien, without regard to common-law priority, the priority still exists, the statute then declaring the lien and the common law defining priority. If the statute is not a continuation of the common law, but works an abolition of all common law on the subject, inclusive of the incident of priority, then some general statute must be found conferring priority, the particular statute giving none, otherwise there is no priority of artisans' liens over earlier liens.

The conclusions in the main opinion are sustained by all authority, and appellant's attack thereon loses all force in the face of the fact that common law is by statute, §§ 4003, 4004, and 4005, Rev. Codes 1905, declared to be the basic law thereby requiring statutory enactment, to be considered as but a continuation of the common law as to civil rights and liabilities. Section 4003 reads: "The will of the sovereign power is expressed (4) by the decisions of the tribunals enforcing those rules

which, though not enacted, form what is known as customary or common law." And § 4005 declares what shall be evidence of such common law. By statute the provisions of the Civil Code are to be considered as but continuations of the common law as well as other statutes, and no distinction exists in this respect between this state and California, notwithstanding § 10,509, Rev. Codes 1905. Plainly this provision of the. Code of Criminal Procedure can have no relation to or bearing upon the question of whether the provisions of the Civil Code and civil statutes are to be considered as continuations of the common law. Each of the seven Codes was passed as a separate bill in the Revision of 1895, and as an entirety. The term "Code" as used in many places in each of the seven Codes must refer solely to the Code of which it was a part at the time of its enactment, and this provision has reference to criminal procedure, and is not a general provision applicable to all of the seven Codes as separately enacted. The Code provisions relative to crimes and criminal procedure, as §§ 8531–8535–8538 and 10,509, prescribe a different rule as to such than generally applies to civil rights and remedies. Our penal statutes undertake to and do define all our crimes, and our Code of Criminal Procedure in the main declares the process of administration of our penal statutes. But it is vastly different as to civil rights and liabilities, to completely codify which would be an absolute impossibility. Manifestly civil statutes must be regarded as they have always been construed to be, but continuations, affirmances, modifications, or repeals of basic common law governing principles, and to be interpreted in the light of the common law as has been done for generations. If authority is needed for our conclusions, the following will suffice:

Unless otherwise provided by statute, all "statutes are to be interpreted in the light of the common law, with reference to the principles of the common law in force at the time of their passage." "The presumption against an intent to alter the existing law beyond the immediate scope and object of the enactment under construction applies as well where the existing law is statutory as where it is promulgated by decisions." "The principle is recognized that an intent to alter the common law beyond the evident purpose of the act is not to be presumed. It has indeed been expressly laid down that 'statutes are not presumed to make any alteration in the common law further or otherwise than the

act does expressly declare; therefore in all general matters the law presumes the act did not intend to make any alteration; for if the parliament had that design they would have expressed it in the act' that 'the rules of the common law are not to be changed by doubtful implication.'" Endlich, Interpretation of Statutes, § 127. "First in importance . . . is the consideration of what was the rule at the common law, 'to know what the common law was before the making of a statute whereby it may be seen whether the statute was introductory of a new law or only affirmative of the common law, is the very lock and key to set open the windows of the statute.' Further, as a rule of exposition, statutes are to be construed in reference to the principles of the common law, for it is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely required. The law rather infers that the act did not intend to make any alteration other than what is specified and besides that has been plainly pronounced; for if the parliament had had that design it is naturally said they would have expressed it," Potter's Dwarris on Statutes and Constitutions, p. 185, concerning which rule that author quotes Chancellor Kent as follows: "This has been the language of courts in every age; and when we consider the constant, vehement, and exalted eulogy which the ancient sages bestowed upon the common law as the perfection of reason and the best birthright and noblest inheritance of the subject, we cannot be surprised at the great sanction given to this rule of construction." Sections 454, 455, of 2 Lewis's Sutherland Statutory Construction, 2d ed., announce the same rule that "in all doubtful matters and when the statute is in general terms it is subject to the principles of the common law; it is to receive such construction as is agreeable to that law in cases of the same nature. *A statute in affirmance of a rule of the common law will be construed as to its consequences in accordance with such law.*" See Lavin v. Bradley, 1 N. D. 291, 47 N. W. 384; Parker v. First Nat. Bank, 3 N. D. 87, 54 N. W. 313; Garr v. Clements, 4 N. D. 559, at pages 562, 563, 62 N. W. 640. This rule is here applicable, as the statute, § 6295, declaring the right to an artisan's lien dependent on possession, is but declaratory of that common-law lien. "In some of the states of the Union the common law of England and English statutes enacted prior to a specific time have been expressly adopted by a

constitutional provision. In others they have been adopted by statute."
8 Cyc. 373, in note 32 of which mention is made that this state has by
§§ 4003, 4005, and 4006 by statute expressly adopted the common law
as the fundamental law, except as modified or supplanted by statute or
ordinance. Section 6737, Rev. Codes 1905, a general provision of the
Code of Civil Procedure, also in express terms in prescribing the rule
of construction of civil statutes recognizes such fact by the provision
that, "but technical words and phrases and such other as have acquired a
peculiar and appropriate meaning *in law* or are defined by statute are
to be construed according to such peculiar and appropriate meaning or
definition." California by express enactment in 1850 adopted the com-
mon law of England evidently to set at rest any question of conflict be-
tween whether the English common law or the civil law, in force in the
adjoining Mexican territory, and once in effect in such parts of that state
as had been Mexican territory, would prevail. See the discussion in
Lux v. Haggin, 69 Cal. 255, at page 384, 10 Pac. 674. As to the stat-
ute being declared to be but a continuation of the common law to be
construed therewith, see Sharon v. Sharon, 75 Cal. 1, at page 13, 16
Pac. 345: "But the purpose of a statute can only be derived from its
words read in the light of the previous law. If it is so confused and
uncertain that it can be given no intelligible meaning, we must consider
the common law unchanged by it, . . . and *it is a cardinal rule of
interpretation* that the common law continues except as altered by the
statute." It is true that California has a statute to this effect (§ 5 of
the Civil Code of that state) that, "the provisions of this Code, so
far as they are substantially the same as existing statutes or the common
law, must be construed as continuations thereof, and not as new enact-
ments," which statute has been in force since 1872, and that we have
no statute explicitly so providing, but the omission is immaterial as to
civil rights and remedies in the face of the fact that the common law
is by statute adopted as to such rights and liabilities, the statutes having
since territorial times declared the same consequences in the statutory
provisions that, "the evidence of the common law is found in the de-
cisions of the tribunals," and "there is no common law in any case
where the law is declared by the Codes," §§ 5 and 6, Civil Code of 1877,
and §§ 4005, 4006, Rev. Codes 1905. Where the Codes declare the law.
they preclude application of the common law, which as to the matter

covered by the Codes during the existence of the Code provision becomes
nonexistent, but inasmuch as the common law is the basis it governs as
to matters wherein the law is not so declared. The Codes being but a
continuation of the common law, to be construed therewith to consti-
tute the great complete body of law, the two must be considered to-
gether where, as here, the Code but declares the lien already recognized
at common law, and is silent on the question of priority of such common-
law lien. State ex rel. Morris v. Sullivan, 26 L.R.A.(N.S.) 514, and
note (81 Ohio St. 79, 90 N. E. 146, 18 Ann. Cas. 139).

But counsel in support of his contention would emphasize the fact
that the territorial statute declared no priority of this lien, and that by
the Laws of 1890 priority was granted, which provision was repealed
in the Revision of 1895, which priority provision has been again ex-
pressly re-enacted by chap. 168 of the Laws of 1907; and counsel in-
quires how the double repeal and enactment on priority can be con-
sidered other than as evidencing a successive legislative expression of
denial and reaffirmance of priority, and that the lien by mortgage of the
appellant having attached at a time when priority of artisans' liens was
thus refused recognition and by inference denied, upon what basis can
it be found that a lien at common law could exist during such interval?
In territorial times, and until the enactment of the statute of 1890
granting it, priority existed at common law, as is held in Garr v. Clem-
ents, 4 N. D. 559, 62 N. W. 640. Upon repeal of the statute of 1890,
no mention of priority being made in the repealing statute, and there
being nothing to positively evidence a legislative intention to the con-
trary, the common-law rule as to priority was revived; "the repeal of
the statute which abrogated a common-law rule revives that rule."
Beaven v. Went, 155 Ill. 592, 31 L.R.A. 85, 41 N. E. 91; Baum v.
Thoms, 150 Ind. 378, 65 Am. St. Rep. 368, 50 N. E. 357; Burleigh
County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Lewis's Sutherland
Stat. Constr. § 294, quoting above rule and declaring same applicable
"even though there is a statute that a repeal of the repealing act shall
not revive the act repealed," similar to § 6739, Rev. Codes 1905, iden-
tical with § 20 of Civil Code of California in force since 1872. "Where
a statute repeals the common law, and is then itself repealed, the com-
mon law is revived, and the authorities say that if a statute that is
declaratory of the common law is repealed the common law more clearly

remains in force for the reason that the statute is an affirmance of it."
Harper v. Middle States Loan, Bldg. & Constr. Co. 55 W. Va. 149, 46
S. E. 817, 2 Ann. Cas. 42 at page 45; Endlich, Interpretation of Stat-
utes, § 475. Under this rule, and the presumption that the common
law is abrogated by statute only so far as is necessary to give force to
the statute and the legislative intent thereby, and no farther—State
ex rel. Morris v. Sullivan, 81 Ohio St. 79, 26 L.R.A.(N.S.) 514, 90
N. E. 146, 18 Ann. Cas. 139; Chicago & E. R. Co. v. Luddington, 175
Ind. 35, 91 N. E. 939, 93 N. E. 273, citing much authority—the terri-
torial statute, subdiv. 2, § 1814 of Civil Code of 1877, did not efface
the common-law priority of artisans' liens. Chapter 88, Laws of 1890,
by declaring that priority was but declaratory of the prevailing com-
mon law and repeal of the Laws of 1890, instead of leaving no law on
the subject, revived or made applicable the common law, and such was
the situation when this appellant's mortgage was taken. That the legis-
lature has by chap. 168, Laws of 1907, again re-enacted the common-law
provision of priority, is of no consequence as a legislative construction
on the question or otherwise. If it be assumed to be a legislative con-
struction, as contended, it is not binding on the courts, as it is beyond
legislative power or province to interpret retrospectively by legislative
act prior statute or common law. The duty and power of interpreta-
tion of past legislative enactment lies in the courts alone. But against
revival of the common law, it is contended that the legislature cannot
be presumed to have needlessly declared a statutory priority when a
common-law priority existed, and on that assumption it is urged that no
priority existed before 1890 or during the interval from January 1,
1896 to 1907. If appellant's basis of exclusion from common law by
the statute of every subject touched upon by statute is accepted, this
rule would be applicable. But the civil statutes being but continuations
of the prior common law to be construed therewith, the fact that a stat-
ute declares one incident of the common law on the subject does not of
itself and alone signify an exclusion of all other common law touching
rights on which the statute is silent. Nearly all the substantive law as
contained in our Civil Code is but declaratory of established and prior
existing common law, a fact which of itself establishes such legislation
to be needless except to render the same accessible and easy of reference,
the principal benefit of our codification of a small portion of common-

law principles. Appellant insists that the general statute as to priority of liens, § 6138, Rev. Codes 1905, first found as § 1711, Civil Code of 1877, declaring that "other things being equal, different liens upon the same property have priority according to the time of their creation," here controls to exclude any common-law priority. This statute is but another principle of the common law codified. By its terms only when "other things being equal" is it applicable. The exception made is to exempt from its application instances, as here, where other things are not equal, in that the lien recognized by statute has a common-law origin. Adjudications on statutory liens are in no wise applicable. Hence, Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152, concerning a purely statutory thresher's lien, is not in point, and the same is true with First Nat. Bank v. Scott, 7 N. D. 312, 75 N. W. 254, as to an agister's statutory lien. Manifestly a lien dependent solely on the statute for its creation and priority is measured in such respects by the enactment as its source, and definitive of rights thereunder. This distinction has already been made between statutory and common-law liens in our decisions—Lavin v. Bradley, 1 N. D. 291, at page 296, 47 N. W. 384, where the following is found: "In construing the seed lien statute, the fact must not be overlooked that the lien given is wholly statutory in its nature and origin. It was unknown at common law, and hence can neither be acquired nor enforced unless there has been a substantial compliance with the act of the legislature from which the lien arises;" quoted in Parker v. First Nat. Bank. 3 N. D. 87, 54 N. W. 313, and distinguished again in Garr v. Clements, 4 N. D. 559 at pages 562, 563, 62 N. W. 640. There the statute was upheld as not by retrospective operation according to its provisions abrogating obligation of contracts, because at common law, in the absence of the statutory priority by statutes of 1890, priority existed under the territorial Code of 1877. "An unbroken line of authority, a settled rule of the common law, sound principle, and a due regard for business convenience, all join to sustain this statute." The same reasons sustain our holding of a common-law priority of artisans' liens in 1906, when appellant's contract lien became effective. Our statute of 1907 is not therefore retrospective in operation as to appellant's contract rights in the priority. Neither does Duncan v. Great Northern R. Co. 17 N. D. 610, 19 L.R.A. (N.S.) 952, 118 N. W. 826, hold contrary to our conclusions. Instead

it recognizes that an exemption from liability may arise to exonerate a common carrier as to goods received for transportation in other instances than those declared by § 5690, Rev. Codes 1905, and in doing so resort to common-law principles is approved. In addition to the express conditions enumerated in the statute as exonerating the carrier, the court says: "Where the shipper interferes with the property after accepted by the railway company, and the loss is occasioned by such interference, it may well be contended that the carrier is *also relieved.*" The court there divided on whether the statute in question was intended as a complete codification or in part a departure from the common law, in effect thereby recognizing the necessity of the construction of the statute in the light of the common law as to the carrier's liability. The case is to such extent authority against appellant's contention. Nor are the South Dakota holdings of Banbury v. Sherin, 4 S. D. 88, 55 N. W. 724, and McClain v. Williams, 11 S. D. 227, 49 L.R.A. 610, 74 Am. St. Rep. 791, 76 N. W. 930, contrary to principles here announced. These holdings are that the statutes under consideration there covered the case, and thereby excluded the common-law contentions urged, and in the last case it was held, also that if the ambiguous statute under construction be considered supplemented by the common law as to rights of third persons under consideration, the whole statute itself would be void as unconstitutional, and hence such an interpretation was adopted as would uphold the statute, and it was held not to cover the property of third persons. This was remarked as an aid or added reason for that holding on an ambiguous statute. McClain v. Williams and Duncan v. Great Northern R. Co. supra, may well be considered as authority inferentially contrary to appellant's contention.

The petition for rehearing is denied.

SPALDING, Ch. J. I concur in denying petition for rehearing.