Hitchcock, J.
The simple question raised and discussed in this case, is, whether the execution of a mortgage upon a steamboat or other water craft, withdraws such craft, until such mortgage is satisfied, from the operation of the law, which authorizes proceedings against her by name. True, this is not the exact shape of the question, but if is the substance of it. It is not denied that the judgments rendered in the suits commenced previous to the execution of the mortgages must be first satisfied. But it is claimed, that the mortgages miist be preferred to the subsequent judgments.
I had supposed that the question now raised had been heretofore definitively settled by decisions made in this Court. In the case of Kellogg et. al. v. Brennan et. al., 14 Ohio Rep. *361 72, the Court say, the establishment of the principle that the lien of a mortgage should take precedence of a judgment, when the boat was seized subsequent to the date of the “ leads to this result^ that if a steamboat or other water craft is under mortgage, no suit can be prosecuted against her, notwithstanding the provisions of the law of the 26th February, 1840. The execution of a mortgage would in effect repeal the law, in part at least. Any person having a claim of the description specified in the act, may prosecute his claim against the boat by name. But give the Statute the construction contended for,” and that is the construction contended for in the present case, “ and we add to it a proviso, that such boat shall not be encumbered by mortgage. Such construction would afford the owners of boats with a very convenient method of avoiding the force of this act. They would have nothing to do, but to encumber the property with a mortgage.” But in that case the Court held that the judgment creditors should be preferred to the mortgagee, more especially because the boat was running for the joint interest of both mortgagor arid mortgagee.
In the case of Jones & Watkins v. Steamboat Commerce, 14 Ohio Rep. 408, it is expressly decided that the private sale of a steamboat or other water craft, transfers to the purchaser the property in the same state in which it was held by the vendor, and subject to the same liabilities. Notwithstanding the sale, the craft may be seized for a pre-existing debt. And if she may be so seized, after absolute sale, surely she may be so seized after a mortgage. The mortgagee can acquire no better right than could a vendee. By a fair construction of the Statute, as well as by the force of these decisions, we feel ourselves compelled to hold that the mortgage of the complainants must be postponed to the debts of the judgment creditors.
A question is made as to the distribution of the fund between the judgment creditors, but I am not aware that it comes within the province of this Court to decide it at the present time. The fund was restrained in the hands of the sheriff by the ac *362 tion of the complainants. It remained in his hands for a numjjer 0f months, when it was placed at interest. In the distribu- • . it would seem to be just, that the creditors should receive the same proportion of this fund, that they would have received had it been at once distributed. This can be effected by commencing the computation of interest upon the judgments, at the same time the fund itself was placed at interest.

The bill is dismissed at complainants’ cost.