CITY NAT. BANK OF WICHITA FALLS v. LAUGHLIN et al. (No. 1470.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 26, 1919. Rehearing Denied March 26, 1919.)

1. CONSTITUTIONAL LAW ⊜⟃33 — SELF-EXE-CUTING PROVISION OF CONSTITUTION—LIEN FOR REPAIRS, ETC.

Const. art. 16, § 37, providing mechanics shall have a lien on buildings and articles made or repaired by them, for the value of labor done or material furnished, and that the Legislature shall provide for speedy and efficient enforcement thereof, is self-executing in the creation of the lien.

2. COMMON LAW ⊜⟃12—APPLICATION—STAT-UTES—CONSTITUTION.

Where the statutes and the Constitution are merely declaratory of common principles and do not define the civil rights and remedies in any given case, the common law of England, so far as not inconsistent with the Constitution and laws of the state, is applicable, as provided by Rev. St. art. 5492.

3. BAILMENT ⊜⟃18(2) — LIEN OF BAILEE — CHARGES FOR REPAIRS.

An artisan who repairs an automobile has a lien at common law, for his charges, independent of statute.

4. CHATTEL MORTGAGES ⊜⟃138(1)—ARTISAN'S LIENS—PRIORITIES.

Where an automobile was mortgaged to a bank, as security for notes, extending over a considerable period of time, the mortgagor retaining possession and right to use and care for the machine at his expense, one furnishing necessary repairs had an artisan's common-law lien, superior to a recorded chattel mortgage; Rev. St. arts. 5665–5667, providing for mechanic's liens, being but declaratory of the common law, fixing no priority as to other liens, as is done in the case of liens on buildings and improvements on land, by Rev. St. arts. 5628, 5629.

5. CHATTEL MORTGAGES ⊜⟃138(1)—PRIORITIES —CONSTRUCTION OF LIENS—LAWS.

Rev. St. § 5671, providing that nothing therein shall impair or affect the rights as to liens created by special contract, nor impair or

affect other liens not referred to in the title relating to liens, means that priorities of liens existing independent of the statute shall be preserved, and therefore cannot be considered as making a chattel mortgage lien superior to a mechanic's lien, since both liens exist independent of such statute.

Appeal from Potter County Court; T. W. McBride, Judge.

Action by the City National Bank of Wichita Falls against S. G. Laughlin and others. From a judgment for defendants Henderson and Lefforge, plaintiff appealed. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant.

Madden, Trulove, Ryburn & Pipkin, and F. A. Cooper, all of Amarillo, for appellees.

BOYCE, J. A reconsideration of this case on motion for rehearing has caused us to reverse our opinion rendered on original submission, and such opinion will be withdrawn and the following substituted in disposition of the case:

Appellant bank brought this suit on notes executed by appellee Laughlin and to foreclose a chattel mortgage on an automobile given to secure their payment. Appellees Henderson & Lefforge were in possession of the automobile, claiming a lien thereon to secure the payment of charges for labor and material in repair thereof, and were made parties defendant. The chattel mortgage provided that the mortgagor Laughlin should, at his own expense, care for said property to the satisfaction of the mortgagee. It was duly executed and recorded in July, 1917. In October, 1917, the said Laughlin placed the automobile in the garage of appellees Henderson & Lefforge, for repair, and appellees testified that these repairs "were necessary for its preservation and to put it in condition for use. The labor and material placed on the car increased its value in the sum of $66.35, the amount of our claim." It was also shown that the said Laughlin, for a year prior to the time when the car was placed in the appellee's garage, including the time between the giving of the mortgage and the repairs on the car, had been using it freely in his business. Under this state of facts, the trial court held the lien of the appellees Henderson & Lefforge superior to that of the chattel mortgage, and this holding presents the only question on this appeal.

[1] The Constitution, by article 16, § 37, provides that—

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

This provision is self-executing in the creation of the lien. McBride v. Beakley, 203 S. W. 1137; Wichita Falls Sash & Door Co. v. Jackson, 203 S. W. 100. Articles 5665 to 5667 of the Revised Statutes provide that the mechanic or artisan may retain possession of an article, vehicle, etc., repaired until the amount due on same for repairing shall be paid, and that after such possession has continued for a stated time the property may be sold in the manner provided, etc. The Constitution did not attempt to deal with the question of priority between the liens created by it and those otherwise created on the same property, and we do not doubt that the Legislature had authority to do this; the Legislature did, in the case of labor performed and material furnished in the erection of buildings and the improvements on lands, expressly legislate on the subject. Articles 5628 and 5629. But articles 5665 to 5667, just referred to, are the only provisions of the statute that expressly deal with this particular character of lien, and we are thus without any express statutory provision on the subject of priority unless it is to be found in the general provisions of article 5671, which we will discuss later.

[2, 3] Assuming for the present, then, that the statutes and Constitution do not provide any rule to determine the question of priority, we think that such question should be determined under the rules of the common law. Article 5492, R. S.; Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117; Henderson v. Beaton, 52 Tex. 41; Ex parte King, 35 Tex. 658; Gordon v. State, 43 Tex. 339; Grigsby v. Reib, 105 Tex. 597, 153 S. W. 1125, L. R. A. 1915E, 1, Ann. Cas. 1915C, 1011; Reeves & Co. v. Russell, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149. Article 5492, referred to, reads:

"The common law of England, so far as it is not inconsistent with the Constitution and laws of this state, shall, together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

The Constitution and statutes are to be construed "in the light of the common law, and of the fact that its rules are still left in force." Cooley on Constitutional Limitations, p. 94. Now the artisan's or mechanic's lien for charges on property placed with him for repair existed at common law, independent of any statute. 17 R. C. L. p. 601, § 8; Jones on Liens, § 731. A portion of the provisions of the Constitution and of the statute referred to is merely declaratory of the common law, and we think that the decisions and principles of the common law in relation to the question of priority, where not inconsistent with the provisions of the Constitution and statute, would be applicable. Reeves

v. Russell, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149.

[4] The general rule that settles questions of priority of liens of all classes, to wit, that they take precedence in the order of their creation, is itself of common-law origin. That is the rule that appellant seeks to apply in this case. However, it is subject to exceptions, resulting from the application of other principles recognized by the law, and the appellees base their claim to priority on what they insist is an exception to the general rule stated. If the exception exists, as claimed, we see no particular reason why we should not apply it as well as the general rule, provided, of course, it is not inconsistent with the provisions of the statute and Constitution. What, then, would be the rule of priority between the two liens now asserted, independent of the Constitution and statutes? While the decisions are not altogether in accord, the weight of authority seems to favor the rule that, ·where a mortgagor of chattels is permitted to retain possession and use the same, and the property and use thereof is of such nature that it may be reasonably expected that from such continued use during the term of the mortgage repairs will probably be necessary, and repairs are made which enhance the value of and preserve the property, then the mechanic or artisan making such·repairs under such conditions has a lien· on the article repaired superior to the lien of the mortgagee. The repairs in such cases are for the benefit of both the mortgagor and the mortgagee, and the mortgagee may be held to have impliedly authorized them. Hammond v. Danielson, 126 Mass. 294; Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615; Ruppert v. Zang, 73 N. J. Law, 216, 62 Atl..998; Reeves & Co. v. Russell, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149. The question has not been directly before our courts, but there are expressions by the Supreme Court in the case of Texas Bank & Trust Co. v. Smith, 108 Tex. 265, 272, 192 S. W. 533, 536, that would indicate the tendency of said court to follow such rule. In that particular case, the court was considering the question of priority between a lien on certain crops in favor of one furnishing water to irrigate them, made by the statute "superior to every other lien,". and a contract lien given by the owner of such crops prior to the attaching of the statutory lien, and in course of the opinion the following language is used:

"Ordinarily, a statutory lien will not be given precedence over an existing and duly registered lien. But.there is no question as to the power of the Legislature to give a statutory lien such priority where its object is to secure a charge necessary for the preservation of the property. *´ * * An instance of liens having this priority, independently of any statute provision, is the maritime lien upon vessels for repairs necessary to maintain their seaworthiness. The ex-

penditure for such repairs inures to the benefit of the.mortgagee, and is .as much to his advantage as to the mortgagor. For this reason the mortgage lien, though prior in time, is made subordinate. Scott v. Delahunt, 65 N. Y. 125; Provost v. Wilcox, 17 Ohio St. 359; Hammond v. Danielson, 126 Mass. 294."

It will be noted that the reference in this quotation is only to maritime liens, but the case of Hammond v. Danielson, referred to, does not concern a maritime lien at all, but refers to the maritime lien cases and the reasons for holdings therein as authority for holding that a mortgage given on a hack, which was to be continued in use, was inferior to a lien subsequently attaching to the hack in favor of a mechanic for repairs made thereon. Other cases giving the mechanic priority follow the same reasoning.

[5] So we believe that, if there is nothing in the statutes to the contrary, the mechanic's lien may, under the circumstances heretofore stated, be given precedence over an antecedent mortgage lien, and proceed to the examination of article 5671, already referred to. as being the only provision of the statute which may be claimed as expressly establishing any rule of priority. This article of the statute reads as follows:

"Nothing in this title shall be construed or considered as in any manner impairing or affecting the right of parties to create liens by special contract or agreement, nor shall it in any manner affect or impair other liens arising at common law or in equity, or by any. statute of this state, or any other lien not treated of under this title."

The said title of liens, under which this article appears, deals with many kinds of liens: Judgment, contractors', materialmen's, railroad laborers', accountants', farm hands', chattel mortgage, hotel proprietors', livery stable keepers', etc. We think the. purpose of this article was to preserve and maintain liens, rights, and priorities existing independent of the provisions of the statute, rather than to announce a rule for determining such matters within itself. Both chattel mortgage liens and mechanics' liens are treated under the title, though neither are created thereby; both having their existence independent of the statute. If, independent of the statute, the mechanic's lien would, under certain circumstances, be superior to a particular antecedent chattel mortgage, then this very article of the statute would, to a certain extent, impair the mechanic's lien if said article were to be construed as making the chattel mortgage lien superior.

The cases of Blackford v. Ryan, 61 S. W. 161, Masterson v. Pelz, 86 S. W. 56, and Piano Co. v. Elliott, 166 S. W. 29, are relied on as establishing the superiority of a chattel mortgage under the circumstances of this case. The first two cases are in reference to contests between a livery stable keeper's lien at-

taching subsequent to the creation of a chattel mortgage lien. They both maintain the priority of the chattel mortgage over the lien of the livery stable keeper. The case of Masterson v. Pelz only refers to article 5671 as authority for the holding. A consideration of that case and the effect of its construction of said article will be, we believe, aided by first considering the nature of the livery stable keeper's lien. Such lien is not a common-law lien, but is purely statutory (17 R. C. L. p. 1046; Jones on Liens, 641), and takes no precedence over a prior chattel mortgage (Sullivan v. Clifton, 55 N. J. Law, 324, 26 Atl. 964, 20 L. R. A. 719, 39 Am. St. Rep. 652; Jones on Liens, 691; 17 R. C. L. 1050; notes to 12 L. R. A. [N. S.] 310). The distinction between the lien of the mechanic and the livery stable keeper, and the reasons for giving priority in one case and denying it in the other, are discussed in the case of Sullivan v. Clifton, supra, and need not be repeated here. It appears therefor that, independent of article 5671, the antecedent mortgagee's lien would take priority over the subsequent livery stable keeper's lien, and it was so held in the case of Blackford v. Ryan, supra, which case did not refer to said article of the statute. In Masterson v. Pelz, however, the court, after quoting the statute, announced that under its provisions the subsequent lien of the liverymen was inferior to the antecedent lien of the chattel mortgage. Under these circumstances, we do not think this decision is to be construed as holding that the article itself made the one lien superior to the other, and is not in conflict with our opinion that said article is to be construed as simply preserving a superiority otherwise established. This conception is, we think, in harmony with the reference to the article made by the Supreme Court in a discussion of the livery stable keeper's lien, and the cases of Blackford v. Ryan and Masterson v. Pelz, in which the Supreme Court uses this language:

"The latter article [5671] would alone serve to maintain the priority of the existing mortgage in such a case." Texas Bank & Trust Co. of Beaumont v. Smith, supra.

In the other case cited by appellants, Piano Co. v. Elliott, 166 S. W. 29, the decision was not finally placed on the holding that a prior chattel mortgage on certain pianos would be superior to a lien subsequently acquired for charges for storage, tuning, and repairs thereon, though it was intimated that the chattel mortgage lien would be superior. Distinctions might be made between the facts of that case and of the case we are considering, and the character of liens in the two cases, which we do not consider it necessary to discuss. At any rate, the question is not so decided in said case as to be regarded as controlling authority.

The notes executed by Laughlin and secured by the chattel mortgage extended over a considerable period of time. It is a matter of common knowledge that an automobile in use during such length of time is very apt to require repairs of such a nature as that they may be made only by a skilled mechanic. We think the trial court, under the circumstances, was authorized to find that it was in the reasonable contemplation of the parties that such repairs would· be required and that in such event the mortgagor would be authorized to have them made.

The motion for rehearing is granted, and the judgment of the lower court affirmed.