**CONTINENTAL SUPPLY CO. v. GILLES-
PIE et al. (No. 8601.)**

(Court of Civil Appeals of Texas. Galveston.
Jan. 17, 1925.)

**1. Mines and minerals ⊂⇒117—Lack of allegation or proof that defendant purchaser was owner, contractor, or subcontractor held to preclude establishment and foreclosure of materialman's lien on drill pipe.**

In action under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639b, to enforce materialman's lien on drill pipe, lack of allegation and proof that defendant purchaser of such pipe was owner of any interest in oil or gas lease or pipe line, or that he was contractor or subcontractor of owner, *held* to preclude recovery.

**2. Liens ⊂⇒8—Statutory liens will not be extended by implication to embrace matters beyond plain terms of statute.**

Statutory liens will not be extended by implication to embrace matters beyond plain terms of statute.

**3. Mines and minerals ⊂⇒114—Description in affidavit filed by claimant of materialman's lien on drill pipe of land on which pipe was used held insufficient to fix lien.**

Under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639b, 5639d, and Rev. St. 1911, arts. 5621–5639, affidavit filed by claimant of materialman's lien on drill pipe which described land on which such pipe was to be used as "certain land, premises and leasehold of land in what is known as the Markham Oil Field, in Matagorda county, Tex., the description of which land and mineral lease thereon is unknown to this affiant," *held* insufficient to fix lien.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the Continental Supply Company against J. W. Gillespie and the Oil Well Supply Company to establish and foreclose alleged materialman's lien. From judgment for plaintiff against defendant Gillespie for amount of claim and in favor of the Oil Well Supply Company denying a foreclosure of plaintiff's alleged lien, plaintiff appeals. Affirmed.

Edward H. Bailey, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, and M. E. Kurth, all of Houston, for appellees.

PLEASANTS, C. J. Appellant brought this suit against appellee Gillespie to recover the sum of $1,361.35, the purchase price of several hundred feet of drill pipe sold Gillespie by appellant, and to foreclose an alleged materialman's lien upon the pipe, which is sufficiently described in the petition. The appellee Oil Well Supply Company was made defendant upon allegations charging that it had possession of the pipe and was claiming

to own same free of the lien asserted by appellant. Appellee Gillespie answered by general demurrer and general denial. The Oil Well Supply Company, in addition to general demurrer and general denial, specially denied that appellant had any lien upon the property described in its petition, and averred in substance that it had purchased the property under an execution sale upon a judgment obtained by it prior to the sale of the property by appellant to appellee Gillespie, and at the time of such purchase it had no knowledge or notice of any claim of lien thereon by the appellant.

The trial in the court below without a jury resulted in a judgment in favor of appellant against Gillespie for the amount claimed by appellant and in favor of the Oil Well Supply Company, denying appellant a foreclosure of its alleged materialman's lien upon the property.

The only question presented by this appeal is whether the trial court erred in refusing to fix and foreclose appellant's alleged lien upon the property. The evidence shows that plaintiff sold the drill pipe to the defendant J. W. Gillespie on July 12, 1922, and delivered it to him on the 14th day of July, 1922, at the agreed price of $89¾ per foot, or at the total price of $1,361.35, and that the same has not been paid for, and that it shipped the same to the said Gillespie at Markham, Matagorda county, Tex.; that the said Gillespie was a contracting driller; that at the time the drill pipe was sold to him he stated that he was working at Markham.

The drill pipe was levied on by the sheriff of Matagorda county, in Matagorda county, Tex., on November 1, 1922, under execution in favor of defendant Oil Well Supply Company, against defendant J. W. Gillespie, and the property sold under said execution in Matagorda county, Tex., on November 24, 1922.

Plaintiff introduced in evidence its affidavit for a materialman's lien upon and against said drill pipe, with verified account thereto attached, executed on November 6, 1922, and which was filed for record and recorded on November 7, 1922, in volume 3, pp. 663 and 664, Materialman's Lien Records of Matagorda County, Tex.

The only description contained in this affidavit of the land upon which the material sold was to be used is as follows:

"XXX. That the said drill pipe material was sold and furnished by the said the Continental Supply Company to the said J. W. Gillespie on July 14, 1922, to be used in developing for oil, and producing oil from, certain land, premises and leasehold of land in what is known as the Markham Oil Field, in Matagorda county, Tex., the description of which land and mineral lease thereon is not known to this affiant."

---

Appellee had no actual knowledge or notice, at the time it purchased the property, of any claim of lien thereon by appellant.

Appellant is claiming a lien under articles 5639a and 5639b of our statutes (Vernon's Sayles' 1918 Supplement). The first of these articles is as follows:

"Art. 5639a. Any person, corporation, firm, association, partnership, materialman, artisan, laborer or mechanic, who shall, under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right of way, or with the trustee, agent or receiver of any such owner, perform labor or furnish material, machinery or supplies, used in the digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed."

"Article 5639b provides for a lien to materialmen when such materials and supplies are furnished to a contractor or subcontractor."

There is neither pleading nor proof that Gillespie was the owner or the contractor or subcontractor of the owner of any land, mine, or quarry, or of any gas, oil, or mineral leasehold interest in land or of any gas pipe line, or oil pipe line; or that he was the trustee, agent, or receiver of any such owner or the contractor or subcontractor of such trustee, agent, or receiver. The only evidence as to his connection with any land or oil leasehold interest in land is the following testimony of appellant's agent who sold him the pipe:

"I sold it to Gillespie and knew that it was to go to Matagorda county, to be used in the property that this Col. Hulby had financed and on which he was drilling. But I did not know whether Gillespie owned that lease, or what his connection was with it. I don't know anything about it, and I did not know then of my own knowledge."

[1, 2] We think it clear that appellant's pleading and evidence fail to bring it within the provisions of the statute under which it claims a lien on the pipe. This statute only gives a lien to materialmen, who furnish material to the class of persons named in the statute, and there being neither allegation nor proof that Gillespie was within the class named, appellant could not acquire a lien under this statute. Statutory liens will not be extended by implication to embrace matters beyond the plain terms of the statute. Williams v. Magouirk (Tex. Civ. App.) 235 S. W. 640; McClellan et al. v. Haley (Tex. Civ. App.) 237 S. W. 627; Security Banking & Investment Co. v. Flanagan (Tex. Com. App.) 254 S. W. 761.

[3] We are further of opinion that the affidavit filed by appellant was ineffectual to fix any lien on the pipe as against appellee because it failed to sufficiently describe any land or leasehold upon which the pipe was to be used or placed.

The statute gives the materialman a lien on the land, buildings, mines, quarries, oil wells, and appurtenances, and the material furnished to be used in the construction, operation, and development thereof, and (Vernon's Ann. Civ. St. Supp. 1918, art. 5639d) provides that such lien shall be fixed "in the same manner as provided for in chapter 2, title 86, * * * of the Revised Statutes of 1911 * * * relating to liens for mechanics, contractors, builders and materialmen." When we look to the statute referred to, we find that the form of the affidavit there prescribed contains a description of the land on which the building or improvements for which the material is furnished are situate. Article 5624, Vernon's Sayles' 1914. This requirement is obviously necessary in order to protect the purchaser of such buildings, or improvements. Unless the land is described in the affidavit, the purchaser of the building or improvements would have no notice from the affidavit that a lien existed upon the material used in their construction. If it be conceded that such requirement is not so obviously necessary to give notice to a purchaser of the material, the statute above quoted makes no distinction between the lien upon the land, buildings, and improvements and that upon the material, but expressly provides that the lien on all shall be fixed in the same manner. It seems to us that this statute forbids the holding that an affidavit which is insufficient to fix a lien upon the land, buildings, or improvements would be sufficient to fix such a lien on the material used and purchased for use in the construction of the buildings or improvements.

The Court of Appeals for the Second District, in the case of Moore et al. v. Carey Bros. Oil Co. et al., 246 S. W. 1083, and 248 S. W. 470, has construed this statute differently and holds that it is not necessary that the affidavit describe the land in order to fix a lien upon the material furnished for use thereon. The Supreme Court has, however, granted a writ of error from that decision, and the question is now before that court. In this unsettled state of the matter, we would not dispose of this appeal until after the Supreme Court had finally passed upon the question if we were not of the opin-

ion that the case should be affirmed upon the other grounds before discussed.

For the reasons indicated, the judgment of the trial court is affirmed.

Affirmed.