# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN
AUSTIN 11, TEXAS


Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:  Opinion No. O-4294

Re: Can the school board of a common
school district legally invest any
part of the local maintenance
surplus fund in United States
Government Defense Bonds or any
other kind of securities?

Your letter requesting the opinion of this department on
the above stated question reads as follows:

"The St. Elmo Common School District No. 46 in
Freestone County has a surplus fund of approximately
($5,000.00) Five Thousand Dollars in a local
maintenance fund that will not be needed to operate
their 1941-1942 school term for nine months. This
school has no bonds outstanding nor has any debt
outstanding of any nature. This District has a local
maintenance fund for school purposes of fifty cents
on the One Hundred ($100.00) Dollar valuation. This
surplus of Five Thousand ($5,000.00) Dollars is a
surplus built up from this fifty cent levy. The
district has no levy for any purpose except for local
maintenance school purposes.

"Please answer the following question: Can the school
board of this district legally invest any part of this
local maintenance surplus fund in United States
Government Defense Bonds or any other kind of
securities? An early reply from you answering this
inquiry will be appreciated."

Public school funds from every source, including those
derived from local taxation, county school funds and
apportionment from the state available school fund, are
held in trust by the city, district, county, or other stat-
utory agency, to be used for the benefit of the community or

district. The funds are so clearly impressed with a trust in favor of the school that they are within the protection of both the State and Federal Constitutions, and the Legislature may not devote them to any other purpose or to the use of any other beneficiary. (Love v. City of Dallas, 40 S.W. (2d) 20; Texas Jurisprudence, Vol. 37, p. 967.)

Powers of boards and officers over funds belonging to school districts, and the manner in which those powers shall be exercised, are prescribed by statutes, and the course prescribed by law must be followed to the exclusion of all other methods. (Thompson v. Elmo Independent School District, 269 S. W. 868; Dodson v. Jones, 190 S. W. 253; Texas Jurisprudence, Vol. 37, p. 968.)

Article 2827, Vernon's Annotated Civil Statutes, reads in part as follows:

"The public free school funds shall not be expended except for the following purposes:

"1. The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money forrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year.

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insruance premiums, janitors and other employes, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

It will be noted that the above mentioned statute in effect, authorizes the trustees of common school districts to expend funds derived from local sources, and the surplus

from the State and county available school funds, for any and all the purposes enumerated by law, and for such other purposes, as in the discretion of the board, may be reasonably necessary in the maintenance of the schools. Like other public officers, school officers are responsible for any wrongful and illegal disbursement or misapplication of school funds. (Borger Independent School District v. Dickson, 52 S. W. (2d) 505; Powell v. Mathews, 280 S.W. 903.)

We fail to find any authority authorizing the board of trustees to invest any part of the local maintenance fund in United States Government Defense Boards or any other kind of securities. Such funds must be expended as authorized by Article 2827, supra. Therefore, we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By        Ardell Williams
           Assistant

AW:GO/cg

APPROVED JAN. 16, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By BWB, Chairman