SHAW, J.
Plaintiff sued to recover a violin, bow and case. The action was submitted to the trial court upon a stipulation of facts, from which it appeared that plaintiff, *Supp. 774 being the owner of said violin, bow and case, delivered them to one Edward Foster, on approval, the title to remain in plaintiff; that thereafter said Foster, being a guest at the hotel operated by defendant Vanderbilt Hotel Company, brought said violin, bow and case into his room in said hotel; that thereafter he left the hotel, being at the time indebted to defendant above named for lodging furnished him and for money advanced to him by the said defendant; that the said defendant held the violin, bow and ease, and refused to deliver them to plaintiff upon demand, claiming a lien thereon for the indebtedness above mentioned due to said defendant from said Foster. Judgment was rendered in favor of plaintiff for possession of the violin, bow and case, and said defendant appeals.
Civil Code of 1861 must be construed as a whole. While it states at first that hotel-keepers shall have a lien on property belonging to or legally under the control of their guests, it later provides that if property subject to the lien does not belong to the guest it shall not be sold summarily after notice of that fact, but only in the manner provided by the Code of Civil Procedure, on execution to satisfy a judgment for the hotel charges. This proviso makes Code of Civil Procedure, section 689, applicable to the situation, that section being a part of the chapter relating to sales on execution. Under it the owner of the property may claim it and if his claim proves well founded he may recover it, unless for some reason growing out of his dealings with the guest the property can be held on the lien, which does not appear here. It was not the legislative intent that property which cannot be sold in satisfaction of the lien should be held for it, against the true owner. (McClain v. Williams, 11 S. D. 227 [7 Am. St. Rep. 791, 49 L. R. A. 610, 76 N. W. 930].) The law does not require useless acts, and to require the owner to wait until an execution sale is imminent before asserting his rights would be such an act.
The judgment is affirmed, with costs of appeal to respondent.
Craig, J., pro tern., concurred.